**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
Tracy T. Scanlan (SBN 253930)
Frank J. Zeccola (SBN 308875)
505 14th Street, 9th Floor
Oakland, CA 94612
Tel:     (415)580-2574
Fax:     (415)735-3454
Email: silg@ilglegal.com
Email: tscanlan@ilglegal.com
Email: fzeccola@ilglegal.com


Attorneys for Plaintiff GEORGE BRIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRIER, on behalf of himself, all others similarly situated, and the general public,<br><br>　　　　　　　Plaintiffs,<br>　　vs.<br><br>GAMESTOP CORP., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>　　　　　　　Defendants. | Case No. 3:17-cv-01856 RS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. **FAILURE TO COMPENSATE FOR ALL HOURS WORKED** (Lab. Code §§ 200-204, 216, 223, 225.5, 500, 510, 558, 1197, 1194, 1198; IWC Wage Orders);<br>2. **FAILURE TO PROVIDE MEAL AND REST PERIODS** (Lab. Code §§ 226.7, 512; IWC Wage Orders);<br>3. **FAILURE TO MAINTAIN ACCURATE RECORDS** (Lab. Code §§ 1174, 1174.5);<br>4. **FAILURE TO FURNISH WAGE AND HOUR STATEMENTS** (Lab. Code §§ 226(e), 226.3);<br>5. **UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY** (Lab. Code §§ 98.6, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*);<br>6. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** (*Tameny v. Atlantic Richfield Company*);<br>7. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br>8. **UNFAIR BUSINESS PRACTICES** (Bus. & Prof. Code §§ 17200 *et seq.*); |

-1-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland, CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**9. PRIVATE ATTORNEY GENERAL ACT** (Lab. Code §§ 2698 *et seq.*).

**JURY TRIAL DEMANDED**

This Complaint is brought by Plaintiff George Brier ("Plaintiff" and/or "Mr. Brier"), on behalf of himself, all others similarly situated, and the general public, against his former employers, Defendant GameStop Corp. ("GameStop"), and DOES 1-100, inclusive ("DOE Defendants") (collectively "Defendants"). Plaintiff hereby demands a jury trial on all causes of action. Plaintiff alleges the following:

## PLAINTIFF

1.      At all times material herein, Plaintiff Brier was and is a competent adult and resident of the State of California, Alameda County. Plaintiff began working for Defendants as a store manager in or around 2006. While working for Defendants, Plaintiff's job duties included but were not limited to: managing the store and its employees.

## DEFENDANTS

2.      At all times material herein, Defendant GameStop was and is a Delaware corporation registered to do business in the State of California, including but not limited to conducting business within San Francisco County, with its corporate headquarters located in Grapevine, Texas. Defendant GameStop is in the Electronic Retail Industry. On information and belief, Defendant GameStop is an American video game, consumer electronics, and wireless services retailer. At all relevant times alleged herein, Plaintiff is informed and believes that Defendant GameStop is authorized to and does conduct business in the State of California in the Electronic Retail Industry, including but not necessarily limited to 1501 Sloat Blvd C, San Francisco, CA 94132 ("Sloat Blvd GameStop Retail Store").

-2-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

3.      Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendants conducted business within the Electronic Retail Industry. In so doing, there are hundreds, if not thousands, of individuals in recent years alone who qualify to participate as a Class Member in this action.

4.      The defendants identified as DOES 1 through 100, inclusive, were, at all times herein-mentioned, agents, business affiliates, successors- and/or predecessors-in-interest, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Plaintiff is informed and believes and, on that basis, alleges that, at all times herein-mentioned, each of the defendants identified as DOES 1 through 100, inclusive, employed, and/or exercised control over the conditions of Plaintiff and Class Members which led to the instant lawsuit and which are described herein. In doing the acts herein alleged, each Defendant is liable and responsible to Plaintiff and Class Members for the acts of every other Defendant. The true names and capacities of the DOE Defendants, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such DOE Defendants by fictitious names pursuant to California Code of Civil Procedure section 474. Plaintiff is informed and believes that the DOE Defendants are residents of the State of California. Plaintiff will amend this complaint to show such DOE Defendants' true names and capacities when they are known.

5.      Plaintiff is informed and believes and thereon alleges that, unless otherwise indicated, each Defendant was the agent and/or employee of every other Defendant within the course and scope of said agency and/or employment, with the knowledge and/or consent of said Defendant.

## JURISDICTION AND VENUE

6.      This Court is the proper Court, and this action is properly filed in the Superior Court of the State of California for the County of San Francisco, because Defendant GameStop transacts business within this county at 1501 Sloat Blvd C, San Francisco, CA 94132. Plaintiff and Class Members performed work for Defendants and experienced the legal violations that are the subject of this Complaint in the Sloat Blvd GameStop Retail Store.

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

7.     This Court has jurisdiction over the Plaintiff's and Class Members' claims for damages, interest thereon, related penalties, injunctive and other equitable relief, restitution of ill-gotten benefits arising from Defendants' unlawful, unfair, and/or fraudulent business practices, and attorneys' fees and costs pursuant to, *inter alia.*, California Business and Professions Code sections 17200-17208, and the statutes cited herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

9.     The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions of employment. Plaintiff is not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

10.     Pursuant to California Labor Code section 2699.5, Plaintiff has exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiff's cause of action brought pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code sections 2699 *et seq.* Plaintiff has complied with the procedures for bringing suit specified in California Labor Code section 2699.3. Plaintiff has given written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations. More than 65 days have passed, and no response has been received from the LWDA. Accordingly, Plaintiff has satisfied all prerequisites to pursing PAGA claims.

11.     Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

1

## FACTS REGARDING PLAINTIFF'S INDIVIDUAL CAUSES OF ACTION

2

3

4

5

    12.    Plaintiff George Brier worked as a store manager at the San Francisco GameStop on Sloat Boulevard for 10 years. He worked full time at $21.49 an hour. His job duties included managing the store and its employees. Plaintiff had been performing competently in his role and his job performance evaluations had been positive.

6

7

8

9

    13.    On or about November 2015, a full-time GameStop worker quit at Mr. Brier's store. Management never hired another full-time worker, and consequently the store was understaffed. Mr. Brier was therefore required to come in to work for many non-scheduled days and shifts at a last minute's notice.

10

11

12

13

14

    14.    However, Mr. Brier was never compensated under San Francisco's "Retail Worker's Bill of Rights," (hereinafter "Bill of Rights") codified at San Francisco Police Code Article 33F and San Francisco Police Code Article 33G, which require an employer to pay an employee a premium of 1 to 4 hours pay for each non-scheduled shift, depending on the specific change in schedule.

15

16

17

18

19

20

21

22

23

    15.    Further, on or about December 2015, the four San Francisco GameStop stores engaged in a conference call with the GameStop corporate office in which the corporate office "taught" GameStop employees how to get around the aforementioned "Bill of Rights" premium payments: GameStop Corporate, in essence, told employees that if they were called in for an unscheduled shift, they were to mark the change on the schedule as an "associate's request." Effectively, the store would not need to pay employees such as Mr. Brier these premium payments under this mandate, as scheduling changes at the employee's request are exempt from premiums under the "Bill of Rights." GameStop corporate informed employees that they needed to enter any and all schedule changes as "associate request" or they would be terminated.

24

25

    16.    In doing this, GameStop consequently side-stepped the "Bill of Rights" entirely by requiring employees to engage in fraudulent behavior.

26

27

    17.    Brier worked another six months under continual mandatory schedule changes and continued to mark them as "associate's request" because he feared he would be terminated if he

28

did not comply with this company mandate. He therefore did not receive any premium payments under the "Bill of Rights."

18.    Brier did, however, consistently and continuously bring his concerns about this to management and informed his supervisors that the store was understaffed and that, further, he should be receiving the premium payments under the "Bill of Rights." However, he was never paid for such.

19.    In addition, Brier was consistently required to work through meal and rest breaks because the store was understaffed—even if he technically punched out on his time card. Brier continued to complain to his supervisor about these and other legal violations.

20.    Then, in June 2016, after Brier escalated his complaints and concerns regarding these legal violations, Brier was put on probation for excessive tardiness. However, Mr. Brier's tardiness only occurred on days in which he was called in at the last minute to take over a shift due to understaffing. Mr. Brier was also reprimanded for a secret shopper's bad experience that occurred while Mr. Brier was on vacation. Mr. Brier alleges that these reprimands by the company were fabricated as a pretext for terminating Mr. Brier, whereas the real reason for his termination was for reporting legal violations.

21.    Once GameStop had Mr. Brier on a 90-day probationary period, Defendant terminated Plaintiff. Mr. Brier was officially terminated on September 29, 2016.

22.    Plaintiff now brings claims under the "Bill of Rights" as well as claims for retaliation, wrongful termination, meal and rest break violations, and other wage-and-hour claims.

## FACTS REGARDING PLAINTIFF'S CLASS ACTION CAUSES OF ACTION

23.    All policies and practices described herein were in place at all of Defendants' business locations in California. As such, all members of the classes were subject to these same unlawful policies and practices in violation of California law. Plaintiff is informed and believes that Defendants knowingly engaged in the unlawful acts alleged herein, thereby enjoying a significant competitive edge over other companies within its industry. In many, if not all cases, these common practices have led to willful violations of California and federal law, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, the statutes cited herein.

-6-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

24.    Plaintiff and Class Members are therefore not consistently authorized or permitted to take rest breaks as required by California law. Pursuant to California law, an employee is entitled to one ten-minute rest period if required to work at least three and one-half hours, two ten-minute rest periods if required to work more than six hours, and three ten-minute rest periods if required to work more than ten hours.

25.    Defendants did not consistently provide the rest periods to which Plaintiff and Class Members were entitled because business needs took precedence, routinely interfering with his breaks. If Plaintiff or Class Members failed to address business needs at any time, including during breaks, they were subject to discipline, up to and including termination. Despite these policies and practices, Plaintiff alleges on information and belief that Defendants have not paid missed meal or rest period premiums to Plaintiff or Class Members. Defendants failed to provide meal and rest periods and failed to make premium payments to Plaintiff and Class Members for missed meal and rest breaks. Defendants' failure to record all breaks and failure to pay applicable premiums, resulted in part from Defendants' failure to record all hours worked. Defendants' failure to record all breaks and failure to pay applicable premiums resulted in payroll records such as wage statements that were not accurate or legally compliant, in violation of California Labor Code § 226 and/or 1174(d).

26.    Further, Defendant violated the "Retail Worker's Bill of Rights," (San Francisco Police Code Article 33F and San Francisco Police Code Article 33G) by forcing Class Members to enter any and all schedule changes as "associate request" or they would be terminated.

27.    Defendants also failed to provide Plaintiffs and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect during each pay period, in violation of California Labor Code § 226 and/or 1174(d). In doing so, Defendants have not only failed to pay their workers the full amount of compensation due, they have, until now, effectively shielded themselves from their employees' scrutiny for their unlawful conduct by concealing the magnitude (e.g., the full number of hours worked) and financial impact of their wrongdoing.

*Brier v. GameStop Corp.*
First Amended Complaint

28.    In sum, Defendants failed to maintain time records accurately setting forth the number of hours actually worked by Plaintiffs and Class Members.  Defendants failed to issue wage statements accounting for the number of hours actually worked by Plaintiffs and Class Members.  Defendants failed to pay all wages earned to Plaintiffs and Class Members.  Defendants failed to provide rest periods and failed to make premium payments to Plaintiffs and Class Members for missed meal and rest breaks.  Defendants also failed to timely pay all wages owing to Class Members whose employment has ended.

29.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and Class Members have sustained damages, as described above, including loss of earnings for hours worked on behalf of Defendants, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and Class Members are entitled to recover penalties/wages for failure to pay wages owed upon termination (pursuant to California Labor Code §§ 201-204 and 227.3), for failure to provide semimonthly itemized wage statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226 and/or 1174) in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and Class Members are also entitled to recover attorneys' fees, litigation costs, and restitution of ill-gotten gains, pursuant to statute.

30.    Plaintiff brings this action on behalf of himself and as a class action on behalf of the following Hourly Employee Class and Terminated Subclass:

> All California non-exempt employees who worked for GameStop in the State of California as a Store Manager or similar or equivalent position at any time on or after the date that is four years prior to when the Complaint was filed.
>
> Terminated Subclass: All persons who are eligible for membership in the Class but who are no longer employed by Defendant.

Class Members can be identified through Defendants' records including employee timekeeping and payroll records.

31.    Defendants and their officers and directors are excluded from any class defined in the preceding paragraphs.

-8-

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

32. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

    a. <u>Numerosity</u>: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

    b. <u>Commonality</u>: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1) Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code §§ 17200 *et seq.* by failing to pay all wages due to Plaintiff and Class Members;

        2) Whether Defendants violated and/or continues to violate, California Labor Code § 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

        3) Whether Defendants violated, and continues to violate California Labor Code §§ 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

        4) Whether Defendants violated and/or continues to violate California Labor Code § 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

        5) Whether Defendants violated and/or continues to violate California Labor Code § 1194 by failing to pay minimum wage;

    c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

    d. <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be

-9-

relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.    Adequacy of Representation: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

## FIRST CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR ALL HOURS WORKED

(Lab. Code §§ 200-204, 218, 223, 225.5, 226, 500, 510, 558, 1194, 1194.2, 1197, 1197.1, 1198)

(*On behalf of Plaintiff and all Class Members against all Defendants*)

33.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

34.    Defendants were required to compensate Plaintiff and Class Members for all hours worked pursuant to the Industrial Welfare Commission Order 1-2001, California Code of Regulations, Title 8, Chapter 5, Section 11070 and Labor Code sections 200-204, 225.5, 500, 510, 558 1197, 1198.

35.    Labor Code section 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Orders.

36.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest.

37.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Orders for all hours worked.

-10-

38.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person, to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

39.    Labor Code section 223 provides, "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

40.    Plaintiff and Class Members routinely performed work "off-the-clock." Thus, Defendants are liable for an additional violation to the extent Defendants are in fact secretly paying less than the designated wage scale.

41.    As alleged throughout this Complaint, Defendants failed to track their hours worked and refused to compensate Plaintiff and Class Members for some and/or all of the wages (including overtime wages) earned, in violation of the applicable California Wage Order, Title 8 of the California Code of Regulations and the California Labor Code.

42.    At all relevant times, Defendants were aware of, and were under a duty to comply with the wage and overtime provisions of the California Labor Code, including, but not limited to California Labor Code sections 200-204, 216, 225.5, 500, 510, 558 1197, 1198. Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations. Plaintiff and Class Members have been deprived of his rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Under California employment laws and regulations, Plaintiff and Class Members are entitled to recover compensation for all hours worked, in addition to reasonable attorney's fees and costs of suit.

43.    Labor Code section 216 provides, "In addition to any other penalty imposed by this article, any person, or an agent, manager, superintendent, or officer thereof is guilty of a misdemeanor, who:  (a) Having the ability to pay, willfully refuses to pay wages due and payable after demand has been made.  (b) Falsely denies the amount or validity thereof, or that the same is due, with intent to secure for himself, his employer or other person, any discount upon such indebtedness, or with intent to annoy, harass, oppress, hinder, delay, or defraud, the person to whom such indebtedness is due."

-11-

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

44.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including loss of earnings for hours worked, including overtime hours worked, on behalf of Defendants, in an amount to be established at trial, and are entitled to recover attorneys' fees and costs of suit.

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST PERIODS**
(Lab. Code §§ 226.7, 512; IWC Wage Orders)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

45.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

46.     At all relevant times, Defendants were aware of and were under a duty to comply with California Labor Code sections 226.7 and 512 and applicable sections of the IWC Wage Order.

47.     California Labor Code section 226.7 provides:

> No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
> ....
> If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

48.     Moreover, California Labor Code section 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

49.     Section 11 of the applicable Wage Order provides:

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

a.   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes....

b.   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes....

c.   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

50.   Moreover, section 12 of the applicable Wage Order provides:

a.   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

b.   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

51.   Defendants routinely required Plaintiff and Class Members to work at least three and one-half hours without a rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

52.   Defendants routinely required Plaintiff and Class Members to work more than six hours without a second rest period of at least 10 minutes and failed to compensate Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

53.   Defendants routinely required Plaintiff and Class Members to work more than ten hours without a third rest period of at least 10 minutes and failed to compensate the Plaintiff and Class Members for said missed rest periods, as required by California Labor Code sections 226.7 and Industrial Welfare Commission Wage Orders.

54.   Defendants routinely required Plaintiff and Class Members to work more than five hours without a meal period of at least 30 minutes and failed to compensate the Plaintiff and Class

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

55.    Defendants routinely required Plaintiff and Class Members to work more than ten hours without a second meal period of at least 30 minutes and failed to compensate the Plaintiff and Class Members for said missed meal periods, as required by California Labor Code sections 226.7 and 512, and Industrial Welfare Commission Wage Orders.

56.    By requiring Plaintiff and Class members to attend to business and failing to consistently (1) provide meal breaks within the first five hours of a work shift, (2) provide uninterrupted thirty-minute meal periods, and/or (3) authorize and permit ten-minute rest periods to Class Members, Defendants violated the California Labor Code and  sections 11 and 12 of the applicable IWC Wage Order.

57.    Even where Defendants' records specifically evidence that no meal and/or rest periods were provided to Plaintiff and Class Members, Defendants refuse to provide these employees with one hour of compensation for these respective violations as mandated by California law. Plaintiff is informed and believes and, on that basis, alleges that Defendants have never paid the one hour of compensation to any Class Member.

58.    Plaintiff and Class Members are not exempt from the meal and rest period requirements of the aforementioned Employment Laws and Regulations.

59.    Plaintiff and Class Members did not willfully waive, through mutual consent with Defendants, any such meal and rest periods.

60.    Defendants did not pay premium payments to Plaintiff or Class Members for missed meal periods. Similarly, Defendants did not pay premium payments to Plaintiff or Class Members for missed rest periods.

61.    Plaintiff and Class Members have been deprived of their rightfully earned compensation for rest periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

62.     Plaintiff and Class Members have been deprived of their rightfully earned compensation for meal periods as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff and Class Members are entitled to recover such amounts pursuant to California Labor Code section 226.7(b), plus interest thereon, attorney's fees, and costs of suit.

63.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendants' unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" and other penalties, in an amount to be established at trial, as well as attorneys' fees and costs, and restitution, pursuant to statute.

### THIRD CAUSE OF ACTION
### FAILURE TO MAINTAIN ACCURATE RECORDS
(Lab. Code §§ 1174, 1174.5)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

64.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

65.     California Labor Code section 1174(d) provides:

Every person employing labor in this state shall … [k]eep, at a central location in the state ... payroll records showing the hours worked daily by and the wages paid to ... employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

66.     Defendants failed to maintain accurate records of the hours worked and the wages paid to Plaintiff and Class Members. Defendants did not employ policies, procedures, and practices to track Plaintiff's and Class Members' hours.

67.     Plaintiff and Class Members were injured by Defendants' failure to maintain accurate records, because, as alleged above, Plaintiff and Class Members did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

-15-

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

68.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

69.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code sections 1174, 1174.5, and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

**FOURTH CAUSE OF ACTION**
**FAILURE TO FURNISH WAGE AND HOUR STATEMENTS**
(Lab. Code §§ 226(e), 226.3)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

70.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71.    California Labor Code section 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his social security number, except that by January 1, 2008, only the last four digits of his social security number or an employee identification number other than a social security number may be shown on an itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

72.    California Labor Code section 226(e)(1) provides:

-16-

*Brier v. GameStop Corp.*
First Amended Complaint

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

73.    California Labor Code section 226(e)(2) provides:

(A) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement.

(B) An employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following:

(i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a).

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period. Nothing in this subdivision alters the ability of the employer to aggregate deductions consistent with the requirements of item (4) of subdivision (a).

(iii) The name and address of the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer during the pay period.

(iv) The name of the employee and only the last four digits of his social security number or an employee identification number other than a social security number.

74.    California Labor Code section 1174(d) provides:

Every person employing labor in this state shall . . . [k]eep, at a central location in the state . . . payroll records showing the hours worked daily by and the wages paid to . . . employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years. An employer shall not prohibit an employee from maintaining a personal record of hours worked, or, if paid on a piece-rate basis, piece-rate units earned.

75.    Defendants knowingly failed to provide Plaintiff and Class Members with timely and accurate wage and hour statements showing the inclusive dates of the pay period, gross wages earned, total hours worked, all deductions made, net wages earned, the name and address of the legal entity employing them, all applicable hourly rates in effect during each pay period, and the

-17-

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

corresponding number of hours worked at each hourly rate. Plaintiff and Class Members in fact never received accurate wage statements at all, as Defendants did not employ a timekeeping system that actually tracked all hours worked.

76.    Plaintiff and Class Members were injured by Defendants' failure to provide accurate wage statements, because, as alleged above, Plaintiff and Class Members could not determine whether they were paid properly and/or did not receive pay for all hours worked, and thus suffered monetary damages due to Defendants' policies described above.

77.    Plaintiff and Class Members are not exempt from the requirements of the Employment Laws and Regulations.

78.    Based on Defendants' conduct as alleged herein, Defendants are liable for damages and statutory penalties pursuant to California Labor Code section 226, and other applicable provisions of the Employment Laws and Regulations and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

### FIFTH CAUSE OF ACTION
### UNLAWFUL RETALIATION IN VIOLATION OF PUBLIC POLICY
(Lab. Code §§ 98.6, 230, 232, 232.5, 1102.5; *Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

79.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

80.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

81.    Under California law, there is a fundamental and well-established public policy against discrimination, harassment or retaliation based on the fact that the employee has a protected characteristic or engaged in a protected activity. Said public policy is embodied in the Constitution of the State of California and California Labor Code sections 98.6, 230 [due to service as a jury member, witness, or for relief from domestic violence], 232 [due to disclosure of amount of wages], 232.5 [due to disclosure of working conditions] and other sections of the Labor

Code. Adverse employment actions taken by an employer motivated by the fact that an employee has a protected characteristic are contrary to said public policy and are thus actionable under the common law of this state.

82.    California Labor Code sections 98.6 provides, "(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter [i.e. Labor Code §§ 79-107], including the conduct described in subdivision (k) of section 96, and Chapter 5 [i.e. Labor Code §§ 1101-1106] (commencing with section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint to Court, or because the employee has initiated any action, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." Any person whose rights are violated according to Labor Code section 98.6(a) "shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by those acts of the employer." Lab. Code § 98.6(b)(1).

83.    "In addition to other remedies available, an employer who violates this section is liable for a civil penalty not exceeding ten thousand dollars ($10,000) per employee for each violation of this section, to be awarded to the employee or employees who suffered the violation." Lab. Code § 98.6(b)(3).

84.    California Labor Code section 232 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing the amount of his or her wages. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose the amount of his or her wages. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses the amount of his or her wages."

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574    Fax: (415) 735-3454

85.    California Labor Code section 232.5 provides, "No employer may do any of the following: (a) Require, as a condition of employment, that an employee refrain from disclosing information about the employer's working conditions. (b) Require an employee to sign a waiver or other document that purports to deny the employee the right to disclose information about the employer's working conditions. (c) Discharge, formally discipline, or otherwise discriminate against an employee who discloses information about the employer's working conditions. (d) This section is not intended to permit an employee to disclose proprietary information, trade secret information, or information that is otherwise subject to a legal privilege without the consent of his or her employer."

86.    California Labor Code section 1102 provides, "No employer shall coerce or influence or attempt to coerce or influence his employees through or by means of threat of discharge or loss of employment to adopt or follow or refrain from adopting or following any particular course or line of political action or political activity."

87.    California Labor Code section 1102.5(b) provides: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information…to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance…if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties." Under California law, discharge of an employee perceived to have reported an alleged violation of a statute or regulation violates public policy, even if the employee did not actually make the report. Perceived whistleblowers are also protected from retaliatory discharge as are employees who report suspected violations to other employees. *Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913 (2014).

88.    Section 1102.5(f) provides that "in addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation" of Labor Code section 1102.5.

-20-

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

89.    California Labor Code section 1102.6 provides, "In a civil action or administrative proceeding brought pursuant to Section 1102.5, once it has been demonstrated by a preponderance of the evidence that an activity proscribed by Section 1102.5 was a contributing factor in the alleged prohibited action against the employee, the employer shall have the burden of proof to demonstrate by clear and convincing evidence that the alleged action would have occurred for legitimate, independent reasons even if the employee had not engaged in activities protected by Section 1102.5."

90.    California Labor Code section 1102.8 provides, "An employer shall prominently display in lettering larger than size 14 point type a list of employees' rights and responsibilities under the whistleblower laws, including the telephone number of the whistleblower hotline described in Section 1102.7."

91.    California Labor Code section 1104 provides, "In all prosecutions under this chapter [i.e. Labor Code §§ 1100-1106], the employer is responsible for the acts of his managers, officers, agents, and employees."

92.    Defendants terminated Plaintiff's employment in violation of public policy. Defendants retaliated against Plaintiff because Plaintiff has a protected characteristic and/or engaged in protected activity

93.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff's opposition to and/or reporting of the actual and/or perceived violations described herein.

94.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

95.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

*Brier v. GameStop Corp.*
First Amended Complaint

96.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

97.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

<u>**SIXTH CAUSE OF ACTION**</u>
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
(*Tameny v. Atlantic Richfield Company*)
(*On behalf of Plaintiff as an individual against all Defendants*)

98.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

99.    Jurisdiction is invoked in this court pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company,* 27 Cal. 3d 167 (1980).

100.    Defendants terminated Plaintiff's employment based upon Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

101.    Plaintiff is informed and believes and, based thereon, alleges that Defendants' conduct, as described herein, was substantially motivated by Plaintiff having a protected characteristic and/or engaging in a protected activity, as alleged herein.

102.    Plaintiff is informed and believes and, based thereon, alleges that all Defendants, including the Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

103.    The conduct of Defendants described herein above was outrageous and was executed with malice, fraud and oppression, and with conscious disregard for Plaintiff's rights, and further, with the intent, design and purpose of injuring Plaintiff.

*Brier v. GameStop Corp.*
First Amended Complaint

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

104.    As a proximate result of Defendants' wrongful acts, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, stock options, and other employment benefits; and has suffered, and continues to suffer, emotional distress in an amount according to proof at the time of trial.

105.    Defendants, through their officers, managing agents, and/or their supervisors, authorized, condoned and/or ratified the unlawful conduct described herein above. By reason thereof, Plaintiff is entitled to an award of punitive damages in an amount according to proof at the time of trial, as well as attorneys' fees and costs, pursuant to statute.

### SEVENTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Civ. Code)
(*On behalf of Plaintiff as an individual against all Defendants*)

106.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

107.    The conduct complained of hereinabove was outside the conduct expected to exist in the workplace, was intentional and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Defendants' conduct was done with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to Plaintiff.

108.    As a proximate result of Defendants' intentional infliction of emotional distress as hereinabove alleged, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and health. As a result of said distress and consequent harm, Plaintiff has suffered such damages in an amount in accordance with proof at time of trial.

109.    Defendants, and each of them, engaging in the conduct as hereinabove alleged, acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

*Brier v. GameStop Corp.*
First Amended Complaint

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

110.    Defendants, and each of them, authorized, ratified, knew of the wrongful conduct complained of herein, but failed to take immediate and appropriate corrective action to remedy the situation and thereby acted oppressively and with reckless disregard of Plaintiff's rights and safety, and thereby entitling Plaintiff to an award of punitive damages.

111.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

112.    As a direct and proximate result of Defendants' conduct, Plaintiff sustained damages, including but not limited to, loss of earnings and earning potential, opportunities and other benefits of employment and employment opportunities and harm to his reputation, mental anguish, embarrassment, humiliation, and other emotional distress and/or medical and related expenses in an amount to be established at trial. As a result of this wrongful conduct, Plaintiff is entitled to attorneys' fees, costs, and injunctive relief.

113.    Moreover, in that, at all times referenced herein, Defendants intended to cause or acted with reckless disregard of the probability of causing injury to Plaintiff and, because said Defendants were guilty of oppressive, fraudulent, and/or malicious conduct, Plaintiff is entitled to an award of exemplary or punitive damages in an amount adequate to deter such conduct in the future, in addition to attorneys' fees and costs.

114.    Defendants' acts alleged herein are malicious, oppressive, despicable, and in conscious disregard of Plaintiff's rights. Upon information and belief, one or more of Defendants' managing agents committed, authorized, or ratified the wrongful conduct. As such, punitive damages are warranted against Defendants.

### EIGHTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
(Bus. & Prof. Code §§ 17200 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

115.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

-24-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

116.    Plaintiff brings this cause of action individually and on behalf of all others similarly situated.

117.    Defendants' violations of California law, including Defendants' violations of the Employment Laws and Regulations as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

118.    Further, Defendants' violations of the San Francisco's "Retail Worker's Bill of Rights," (hereinafter "Bill of Rights") codified at San Francisco Police Code Article 33F and San Francisco Police Code Article 33G, which require an employer to pay an employee a premium of 1 to 4 hours pay for each non-scheduled shift, depending on the specific change in schedule, as alleged herein constitutes an unfair business practice in violation of California Business and Professions Code sections 17200 *et seq* because they were done repeatedly, over a significant period of time, and in a systematic manner to the detriment of Plaintiff and Class Members.

119.    In addition, Plaintiff brings this cause of action seeking equitable and statutory relief to stop Defendants' misconduct, as complained of herein, and to seek restitution of the amounts Defendants acquired through the unfair, unlawful, and fraudulent business practices described herein.

120.    Defendants' knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business and Professions Code sections 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

121.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits at Plaintiff's and Class Members' expense.

122.    Defendants' business practices were unfair as set forth herein, providing an independent basis to support this claim.

123.    Defendants' business practices were also fraudulent, as set forth herein, providing yet another independent basis to support the claim.

-25-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

124.    Plaintiff is informed and believes and, based thereon, alleges that the fictitious Defendants named as DOES 1 through 100, inclusive, aided, abetted, incited, compelled, coerced, or conspired to commit one or more of the acts alleged in this Cause of Action.

125.    Defendants have clearly established a policy of accepting a certain amount of collateral damage as incidental to its business operations, rather than accepting the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. Defendants' policy is confirmed by Plaintiff's and Class Members' damages as herein alleged.

126.    Defendants' unfair business practices entitle Plaintiff and Class Members to seek preliminary and permanent injunctive relief and other restitutionary relief, including but not limited to orders that Defendants account for and restore unlawfully withheld compensation to the Plaintiff and Class Members and discontinue certain unlawful employment practices, conduct and implement adequate training, including the implementation of policies and procedures designed to prevent the legal violations at issue in this lawsuit. Defendants' unfair business practices also entitle Plaintiff to attorneys' fees and costs.

127.    Further, by engaging in the acts and practices described above, Defendants committed one or more acts of "unfair competition" within the meaning of Business and Professions Code section 17200. "Unfair competition" is defined to include any "unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by [Business & Professions Code § 17500 *et seq.*]."

128.    Defendants committed "unlawful" business acts or practices, by among other things, engaging in false advertising in violation of Business and Professions Code section 17500 and the CLRA as described above.

129.    Defendants committed "unfair" business acts or practices by, among other things:

　　　a.    Engaging in conduct where the utility of such conduct, if any, is outweighed by the gravity of the consequences to Plaintiff and Class Members;

-26-

ILG Legal Office, P.C.

555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

b.      Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to plaintiffs and class members; and

c.      Engaging in conduct that undermines or violates the spirit or intent of the consumer protection

130.    Defendants committed "fraudulent" business acts or practices by, among other things, engaging in conduct Defendant knew or should have known were likely to and did deceive the public, including Plaintiffs and other Class Members.

131.    As detailed above, Defendants' unlawful and unfair practices include, but are not limited to, the following: violation of California's wage and hour laws and San Francisco's "Retail Workers' Bill of Rights."

132.    Plaintiffs and Class Members lost money and/or property and suffered injury in fact, including lost wages.

133.    Plaintiffs and Class Members seek restitution, declaratory and injunctive relief, and other relief allowable under Section 17200, *et seq.*

## NINTH CAUSE OF ACTION
## LABOR CODE PRIVATE ATTORNEY GENERAL ACT
(Lab. Code §§ 2698 *et seq.*)
(*On behalf of Plaintiff and all Class Members against all Defendants*)

134.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

135.    Plaintiff provided written notice by certified mail to the Labor and Workforce Development Agency of the specific provisions of this code alleged to have been violated as required by Labor Code section 2699.3. More than thirty-three days have passed with no response. As a result, Plaintiff may now commence a civil action pursuant to Labor Code section 2699.

136.    The policies, acts and practices heretofore described violate the applicable Labor Code sections listed in Labor Code section 2699.5 and thereby give rise to statutory penalties as a result of such conduct. Plaintiff and Class Members, as aggrieved employees, hereby seek

recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 on behalf of themselves and all other aggrieved employees against whom one or more of the aforementioned violations of the Labor Code was committed and other applicable provisions of the Employment Laws and Regulations in amounts to be established at trial, as well as attorneys' fees and costs, pursuant to statute.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues and causes of action.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for the following forms of relief, individually and on behalf of all others similarly situated:

1.      Certification of this action as a class action on behalf of the classes defined herein and designation of Plaintiff as representative of the classes and his counsel as counsel for the classes;

2.      For penalties pursuant to all provisions of the Labor Code referenced herein which provide for penalties as a result of the conduct alleged herein;

3.      For costs of suit incurred herein and attorneys' fees pursuant to the statutes cited herein;

4.      For compensatory damages;

5.      Compensation for all hours worked but not paid;

6.      For general damages in amounts according to proof and in no event in an amount less than the jurisdictional limit of this court;

7.      For special damages according to proof;

8.      For punitive damages where allowed by law;

9.      For restitution of all monies due to Plaintiff from the unlawful business practices of Defendants;

10.      For injunctive relief;

11.      For pre-judgment and post-judgment interest as provided by law; and

-28-

*Brier v. GameStop Corp.*
First Amended Complaint

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14ᵗʰ Street, 9ᵗʰ Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

12.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

August 2, 2017:                    **ILG Legal Office, P.C.**

_____

Frank J. Zeccola

Attorneys for Plaintiffs

**ILG Legal Office, P.C.**
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, 9th Floor, Oakland CA, 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

*Brier v. GameStop Corp.*
First Amended Complaint