**ILG Legal Office, P.C.**
Stephen Noel Ilg (SBN 275599)
1001 Bayhill Dr., 2nd Floor
San Bruno, California 94066
Tel:   (415) 580-2574
Fax:   (415) 735-3454
Email: silg@ilglegal.com

Attorneys for Plaintiff GEORGE BRIER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE BRIER, on behalf of himself/herself/themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>GAMESTOP CORP., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 17-cv-01856-RS<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT OF PLAINTIFF GEORGE BRIER'S INDIVIDUAL CLAIMS AND DISMISSAL OF CLASS CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: September 27, 2018<br>Time: 1:30 p.m.<br>Dept.: Ct. 3—17th Floor |

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, Second Floor, San Bruno, CA 94066
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

**TO THE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 27, 2018 at 1:30 p.m. in Courtroom 3, 17th floor Of United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs will and hereby do, move this Court for approval of the parties' settlement of Plaintiff George Brier's individual claims and the joint stipulation of dismissal pursuant to the Federal Rules of Civil Procedure, Rule 41(a)(l)(A)(ii).

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in Support of Motion for Settlement Approval, the Declaration of Stephen Ilg, the [Proposed] Order, and such other and further material or argument as may be presented at the hearing on this motion in addition to the Court's records to date in this action.

Respectfully Submitted,

Dated: August 16, 2018        **ILG Legal Office, PC**

/s/ Stephen Noel Ilg.
Stephen Noel Ilg, Esq.
Attorney for Plaintiffs

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, Second Floor, San Bruno, CA 94066
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
1001 Bayhill Drive, Second Floor, San Bruno, CA 94066
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND .................................................................................................. 1

A. INITIATION OF THE LAWSUIT ............................................................................................. 3

B. INVESTIGATION AND DISCOVERY ...................................................................................... 3

C. SETTLEMENT NEGOTIATIONS ............................................................................................. 2

III. DESCRIPTION OF THE SETTLEMENT ............................................................................. 5

A. THE SETTLEMENT AMOUNT ............................................................................................... 5

B. DIVISION OF SETTLEMENT AMOUNT .................................................................................. 5

C. ATTORNEYS' FEES AND COSTS .......................................................................................... 5

D. RELEASE OF CLAIMS .......................................................................................................... 6

IV. PLAINTIFF MAY DISMISS HIS CLASS CLAIMS WITHOUT PREJUDICE .................. 6

V. APPROVING THIS SETTLEMENT SATISFIES PAGA'S PURPOSES ........................... 8

VI. SETTLEMENT APPROVAL SHOULD BE GRANTED .................................................... 10

A. THE SETTLEMENT WAS REACHED AFTER SUBSTANTIAL INVESTIGATION ........................ 10

B. THE SETTLEMENT PREVENTS AGAINST THE RISKS ASSOCIATED WITH TRIAL ................ 10

C. THE SETTLEMENT IS FAIR AND RESULTS IN A TIMELY RESOLUTION .............................. 11

D. THE SETTLEMENT DOES NOT PREJUDICE THE PUTATIVE CLASS ..................................... 11

E. PROPOSED PAYMENTS TO PLAINTIFFS' COUNSEL FOR FEES AND COSTS ARE REASONABLE ............ 12

VII. NOTICE TO PUTATIVE CLASS MEMBERS AND LWDA ............................................ 12

A. THERE IS NO NEED TO PROVIDE NOTICE OF DISMISSAL TO PUTATIVE CLASS MEMBERS ................ 12

B. NOTICE TO LWDA ........................................................................................................... 12

VIII. CONCLUSION ..................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*AFL–CIO v. Superior Court,* 46 Cal. 4th 993, 1003, (2009) ....................................................... 10

*Amalgamated Transit Union, Local 1756 v. Superior Court*, 46 Cal.4th 993, 1003 (2009) ........... 9

*Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613–17, (1997) ................................................ 10

*Annalisa Lewis et al v. Vision Value, LLC* (E.D. Cal. July 18, 2012) 2012 U.S. Dist. LEXIS 99854 .......................................................................................................................... 16

*Arias v. Superior Court,* 46 Cal. 4th 969, 986, (2009) ............................................................... 10

*Baumann v. Chase Inv. Servs. Corp.,* 747 F.3d 1117, 1123–24 (9th Cir. 2014) .......................... 11

*Brewer v. General Nutrition Corp*. (N.D. Cal. 2014) U.S. Dist. LEXIS 159380 .......................... 8

*California Dep't of Toxic Substances Control v. Waymire Drum Co*. (N.D. Cal. Mar. 19, 1999) No. 98-03834 PJH, 1999 U.S. Dist. LEXIS 3814 ........................................................... 7

*Castillo v. GMC* (E.D. Cal. Sept. 5, 2008) 2008 U.S. Dist. LEXIS 82337 ................................ 15

*Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America* (2006) 141 Cal. App. 4th 46 ................................................................................................................................ 6

*Diaz v. Trust Territory of Pacific Islands* (9th Cir. 1989) 876 F. 2d 1401 ................................ 15

*Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794 ................................................................. 7

*Hillis v. Equifax Consumer Servs*. (N.D. Ga., Jun. 12, 2007) No. 1:04-CV-3400-TCB ............... 7

*Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380, (2014) ................................ 10

*Knowles v. United Debt Holdings, LLC,* 2015 U.S. Dist. LEXIS 124596  (E.D. Cal. Sept. 16, 2015) ............................................................................................................................ 16

*Luis Del Rio v. Creditanswers, LLC*,  2011 U.S. Dist. LEXIS 52022 (S.D. Cal. May 16, 2011) 16

*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1290-91 .................................................................... 14

*Neary v. Regents of University of California* (1992) 3 Cal.4th 273 ............................................ 6

*Officers for Justice v. Civil Service Com.* (9th Cir. 1982) 688 F.2d 615 ..................................... 7

*Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 832–33, (1999) ......................................................... 10

*Sakkab v. Luxottica Retail North America, Inc*. 803 F.3d 425, 436 (9th Cir. 2015) ..................... 9

*Savaglio v. Wal-Mart Stores, Inc.*, Case No. C-835687 (Alameda County Super. Ct.) .............. 13

*Serrano v. Unruh* (1982) 32 Cal. 3d 621, 624 ................................................................................ 14

*Sheinberg v. Fluor Corp.* (D.C.N.Y. 1981) 91 F.R.D. 74 ............................................................. 15

*Singh v. Pizza Hut of Am., Inc.*, (W.D. Wash. July 26, 2002) No. CV02-0963C .......................... 16

*Stambaugh v. Superior Court* (1976) 62 Cal. App. 3d 231, 236 .................................................. 14

*State v. Levi Strauss & Co.* (1986) 41 Cal. 3d 460, 482 ............................................................... 13

*Van Bronkhorst v. Safeco Corp.* (9th Cir. 1976) 529 F.2d 943 ....................................................... 6

*Wershba*, 91 Cal. App. 4th at 245 ......................................................................................... 13, 14

*Westside Cmty. for Indep. Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 352-53 ......................... 14

**Statutes**

Cal. Lab. Code § 2699(1)(2) ........................................................................................................... 17

Cal. Lab. Code § 2699(g)(1) ........................................................................................................... 10

Cal. Lab. Code § 90.5 ..................................................................................................................... 11

**Treatises**

4 Newberg § 11.51 .......................................................................................................................... 12

**Rules**

CRC 3.770(a) .................................................................................................................................... 7

CRC 3.770(c) ............................................................................................................................. 8, 15

Federal Rules of Civil Procedure, Rule 23 ............................................................................... 10, 15

Federal Rules of Civil Procedure, Rule 41 (a)(1)(A)(ii) .................................................................. 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff George Brier respectfully submits this memorandum in support of the Motion to Approve Settlement of Plaintiff George Brier's Individual Claims and Dismissal of Class Claims under the Federal Rules of Civil Procedure, Rule 41(a)(l )(A)(ii). The Court should grant Plaintiff's request to dismiss his individual claims with prejudice, and to dismiss the class claims without prejudice, because it comports with the strong public interest favoring settlement, Plaintiff has not received any remuneration for dismissing the class claims, and the absent class members' interests will not be compromised.

Plaintiff seeks an Order (1) dismissing Plaintiff's individual claims with prejudice pursuant to an executed Settlement Agreement and (2) dismissing Plaintiff's class action allegations as to the putative class <u>without prejudice</u>.  Neither the Parties nor any absent class member will incur any prejudice owing to the requested dismissals.  Plaintiff has made no attempt to certify a plaintiff class; no motions or rulings have been made on the class certification issue; no notice has been required, nor given to any putative class member.  Should any putative class members wish to pursue claims against Defendant, they will remain free to do so, subject to applicable statutes of limitation.  (Declaration of Stephen Ilg in Support of Plaintiffs' Motion ("Ilg Decl.") ¶ 5.)

Defendants deny any and all wrongdoing and assert it has no liability to the Plaintiffs, the State, or any aggrieved employee with respect to the claims at issue.

For the reasons below, this Court should approve the settlement and the requested payments set forth in the settlement agreement.

**II.   FACTUAL BACKGROUND**

Plaintiff George Brier worked as a store manager at the San Francisco GameStop on Sloat Boulevard. He worked full time and earned $21.49 an hour. His job duties included managing the store and its employees.

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

On or about November 2015, a full-time GameStop worker quit at Mr. Brier's store. Management never hired another full-time worker, and consequently the store was understaffed. Mr. Brier was therefore required to come in to work for many non-scheduled days and shifts at a last minute's notice. However, Mr. Brier alleges that he was never compensated under San Francisco's "Retail Worker's Bill of Rights," (hereinafter "Bill of Rights") codified at San Francisco Police Code Article 33F and San Francisco Police Code Article 33G, which require an employer to pay an employee a premium of 1 to 4 hours pay for each non-scheduled shift, depending on the specific change in schedule. In addition, Brier also alleges that he was consistently required to work through meal and rest breaks because the store was understaffed—even if he technically punched out on his time card.

Then, in June of 2016, after Brier escalated complaints and concerns regarding these legal violations, Brier was put on probation for excessive tardiness. However, Mr. Brier's tardiness only occurred on days in which he was called in at the last minute to take over a shift due to understaffing. Mr. Brier was also reprimanded for a secret shopper's bad experience that occurred while Mr. Brier was on vacation. Mr. Brier alleges that these reprimands by the company were fabricated as a pretext for terminating Mr. Brier, whereas the real reason for his termination was for reporting legal violations. Once GameStop had Mr. Brier on a 90-day probationary period, Defendant terminated Plaintiff. Mr. Brier was officially terminated on September 29, 2016.

As a result, Plaintiff brought claims under the "Bill of Rights" as well as claims for retaliation, wrongful termination, meal and rest break violations, and other wage-and-hour claims.

### A.   Initiation of the Lawsuit

On February 27, 2017, Plaintiff filed a Complaint in San Francisco Superior Court against Defendant GameStop Corp. Defendant removed this case to the United State District Court for the Northern District of California. Plaintiff filed an Amended Complaint on August 2, 2017. Plaintiff's Amended Complaint included a number of class action wage-and-hour claims, including Failure to Compensate For All Hours Worked, Failure to Provide Meal and Rest Periods, Failure to Maintain Accurate Records, and Failure to Furnish Wage and Hour

Statements. (Ilg Decl at ¶ 6.) Plaintiff sought to pursue claims on behalf of two classes: (1) All California non-exempt employees who worked for GameStop in the state of California as a Store Manager or similar or equivalent position at any time on or after the date that is four years prior to when the Complaint was filed; (2) All persons who are eligible for membership in the Class but who are no longer employed by Defendant. Plaintiff's Complaint also included individual claims for wrongful termination, unlawful retaliation, and intentional infliction of emotional distress. (Ilg Decl at ¶ 7.)

On October 25, 2017, the Court granted GameStop's motion to compel arbitration as to Brier's first eight claims, dismissing Brier's class claims and staying his representative PAGA claim pending arbitration of Brier's individual claims. On January 26, 2018, Plaintiff filed his claims against GameStop in an arbitration proceeding before the American Arbitration Association. (Ilg Decl at ¶ 8.)

### B.   Investigation and Discovery

The Parties have spent over a year investigating and litigating the claims, defenses, and alleged damages at issue in the lawsuit. Investigation and document exchange preceded the filing of the case in 2017 and continued well into 2018. (Ilg Decl. ¶ 9.) Plaintiff's counsel also met with and interviewed Plaintiff Brier on many occasions to discuss his work experiences with Defendant. (Ilg Decl. ¶ 9.)

While investigating this action, Plaintiff's counsel discovered evidence to date that indicates numerosity is not satisfied, and the proposed Class Representative Plaintiff's claims may not be common or typical of other putative Class Members' claims because, among other reasons, Plaintiff's individual employment issues are unique. (Ilg Decl. ¶ 10.) Further, the claims asserted in the Amended Complaint may not be appropriate for Class treatment because individual factual issues would likely predominate over any common issues of fact among the putative Class Members. Given these circumstances, Plaintiff's counsel submits that a fair, adequate and reasonable judgment (or settlement) that benefits putative class members cannot be reached in this matter. (Ilg Decl. ¶ 10.)

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

Consequently, while Plaintiff originally anticipated that his wage and hour claims would proceed as a class action, Plaintiff and his counsel ultimately decided against pursuing class action claims for the reasons stated above. (Ilg Decl. ¶ 11.) Plaintiff's counsel are experienced class action litigators and would have pursued class claims had they believed it appropriate to do so. (*Id.* at ¶ 12.)

To date, zero putative class members have received notice of this lawsuit. Furthermore, neither Plaintiff nor Plaintiff's counsel have had any communications with putative class members regarding this lawsuit. (Ilg Decl. ¶ 13.)

Thus, for the reasons set forth below, the foregoing facts provide reasonable grounds to enter the accompanying Proposed Order dismissing the class allegations without prejudice and dismissing Plaintiff's individual claims with prejudice.

### C.  Settlement Negotiations

On April 12, 2018, the Parties reached an agreement on the material terms of the settlement which were formalized in a full-form Settlement Agreement ("Settlement") on June 19, 2018. (Ilg Decl. ¶ 14.)

Plaintiff has agreed to release and waive all of his individual claims. (Ilg Decl. ¶ 15.) Plaintiff seeks to dismiss his claims "with prejudice" and no longer wishes to continue with the lawsuit. (*Id.*) The Settlement Agreement is further conditioned on dismissal of the class allegations <u>without prejudice</u> as to all unnamed putative class members. (*Id.*) The dismissal is not predicated on any undisclosed quid pro quo, and neither Plaintiff nor his counsel have received any remuneration for dismissing class claims. (*Id.*) The requested dismissal of class allegations is furthermore without prejudice and, thus, will not compromise the absent class members' interests. (*Id.*)

### III.  DESCRIPTION OF THE SETTLEMENT

The Parties have reached a full and final settlement of the above-captioned action, which is embodied in the proposed Settlement ("Settlement"), a copy of which is attached as Exhibit 1 to the Declaration of Stephen Ilg filed in support of the Motion to Seal, served and filed

herewith. (Ilg Decl. ¶ 14.)

### A.     The Settlement Amount

As consideration for this Settlement, Defendant has agreed to pay a total settlement amount that is confidential. (Settlement ¶ 1.) The precise terms are confidential so the Settlement Agreement has been lodged and is the subject of a concurrently filed Motion to Seal.  This payment will settle all issues pending in the litigation, including Plaintiff's counsel's fees, costs, and the PAGA Penalty Payment.

### B.     Division of Settlement Amount

Out of the Gross Settlement Amount , approximately one-third will be paid as attorney fees and costs. (Settlement ¶ 1(c).) Pursuant to the express requirements of Labor Code § 2699(i), a PAGA Penalty Payment will be paid to the LWDA, which constitutes 75% of the amount allocated to settling the claims for civil penalties asserted in this action under PAGA. (Settlement ¶ 1(d).) The remaining amount will be paid to Plaintiff Brier. (Settlement ¶ 1(a-b).)

### C.     Attorneys' Fees and Costs

Subject to Court approval, Plaintiff's counsel shall be awarded a sum of approximately one-third of the Gross Settlement Amount for reasonable costs and reasonable attorneys' fees to compensate Plaintiff's Counsel for the work already performed in this case and the work remaining to be performed by Counsel in documenting the Settlement, securing Court approval of the Settlement, administering the Settlement, ensuring that the Settlement is fairly administered and implemented, and obtaining final judgment in the action. (Settlement ¶ 1(c).)

### D.     Release of Claims

The release solely covers Plaintiff Brier's individual claims based on employment violations at issue herein. Thus, the release is narrowly tailored. (Settlement ¶ 2.)

## IV.     PLAINTIFF MAY DISMISS HIS CLASS CLAIMS WITHOUT PREJUDICE

"California law favors the settlement of disputes as our high court clarified in *Neary*. Settlement is efficient; it reduces costs, saves resources, and minimizes court congestion. The parties are best positioned to understand their interests and resolve a dispute in a mutually

beneficial manner without court intervention into the settlement." *Consumer Advocacy Group, Inc. v. Kintetsu Enterprises of America* (2006) 141 Cal. App. 4th 46, 62-63 [quoting *Neary v. Regents of University of California* (1992) 3 Cal.4th 273, 277-278].

"[T]here is an overriding public interest in settling and quieting litigation." *Van Bronkhorst v. Safeco Corp*. (9th Cir. 1976) 529 F.2d 943, 950. "The court's discretion is to be exercised in light of the strong policy favoring voluntary settlement of litigation." *California Dep't of Toxic Substances Control v. Waymire Drum Co*. (N.D. Cal. Mar. 19, 1999) No. 98-03834 PJH, 1999 U.S. Dist. LEXIS 3814, *5, citing *Ahern*, *supra*. Accordingly, courts have "repeatedly recognized that settlements are 'highly favored in the law and will be upheld whenever possible because they are means of amicably resolving doubts and preventing lawsuits.'" *Hillis v. Equifax Consumer Servs*. (N.D. Ga., Jun. 12, 2007) No. 1:04-CV-3400-TCB, 2007 U.S. Dist. LEXIS 48278, *28. Indeed, "[d]ue regard should be given to what is otherwise a private consensual agreement between the parties." *Dunk v. Ford Motor Co.* (1996) 48 Cal.App.4th 1794, 1801. Therefore, the court's inquiry "'must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned.'" *Id.,* quoting *Officers for Justice v. Civil Service Com.* (9th Cir. 1982) 688 F.2d 615, 625.

This ruling applies with equal force even where class claims were initially asserted in the action. Upon submission of a "declaration setting forth the facts on which the party relies," courts may dismiss "an entire class action, or of any party or cause of action in a class action." CRC 3.770(a). "If the court has not ruled on class certification, or if notice of the pendency of the action has not been provided to class members in a case in which such notice was required . . . the action may be dismissed without notice to the class members if the court finds that the dismissal will not prejudice them." CRC 3.770(c).

Here, the Parties' agreement to resolve Plaintiff's individual claims comports with the overarching public policy in favor of settlement. The Parties have resolved a matter on terms

-6-

*Brier v. GameStop Corp.*
Notice of Motion and Motion for Settlement Approval

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

acceptable to both sides.  It is further clear that neither Plaintiff nor his counsel have received any remuneration for dismissing the class allegations. (Ilg Decl. ¶ 15.)  Most significantly, Plaintiff seeks to dismiss the class allegations without prejudice, so entry of the Proposed Order lodged herewith will not have any impact on the absent class members, who will remain free to pursue any claims against Defendant either individually or by way of another class action, subject to applicable statutes of limitation.  (Ilg Decl. ¶ 5.)

The decision not to pursue class litigation is a considered one.  The decision was made based on the fact that Plaintiff's counsel discovered evidence to date that indicates numerosity is not satisfied, and the proposed Class Representative Plaintiff's claims may not be common or typical of other putative Class Members' claims because, among other reasons, Plaintiff's individual employment issues are unique. (Ilg Decl. ¶ 10.) Further, the claims asserted in the Complaint may not be appropriate for Class treatment because individual factual issues would likely predominate over any common issues of fact among the putative Class Members. (*Id.*) Plaintiff's counsel are experienced class action litigators and would have pursued class claims had they believed it appropriate to do so.  (*See, e.g., Brewer v. General Nutrition Corp*. (N.D. Cal. 2014) U.S. Dist. LEXIS 159380 [case brought by Plaintiff's counsel certifying several wage and hour claims on behalf of approximately 8,000 people and winning partial summary judgment regarding Labor Code liability].  The circumstances of this case make clear that the decision not to pursue class claims was made only after evaluating the potential for putative class members to recover wages herein.  Neither the ends of justice nor judicial resources are well-served by not dismissing an action that experienced counsel has deemed ill-suited for further prosecution. (*Id.*)

Plaintiff has agreed to release and waive all of his individual claims. (Ilg Decl. ¶ 15.) Plaintiff seeks to dismiss his claims "with prejudice." (*Id.*) The Settlement Agreement is further conditioned on dismissal of the class allegations without prejudice. (*Id.*) The requested dismissal is not predicated on any undisclosed quid pro quo, and neither Plaintiff nor his counsel have received any remuneration for dismissing class claims. (*Id.*) The requested

dismissal of class allegations is furthermore without prejudice and, thus, will not unduly compromise the absent class members' interests. (*Id.*) Accordingly, Plaintiff's individual claims should be dismissed with prejudice, and the class claims should be dismissed without prejudice.

## V. APPROVING THIS SETTLEMENT SATISFIES PAGA'S REQUIREMENTS

Under PAGA, there is no requirement that notice be provided to aggrieved employees. In addition, there is no right of an aggrieved employee to object or opt out. Also, there is no requirement for separate preliminary and final approval hearings. *See Amalgamated Transit Union, Local 1756 v. Superior Court*, 46 Cal.4th 993, 1003 (2009). "Because a PAGA action is a statutory action for penalties brought as a proxy for the state, rather than a procedure for resolving the claims of other employees, there is no need to protect absent employees'' due process rights in PAGA arbitrations." *Sakkab v. Luxottica Retail North America, Inc.* 803 F.3d 425, 436 (9th Cir. 2015). "Unlike Rule 23(c)(2), PAGA has no notice requirements for unnamed aggrieved employees, nor may such employees opt out of a PAGA action. In a PAGA action, the court does not inquire into the named plaintiff's and class counsel's ability to fairly and adequately represent unnamed employees . . . PAGA contains no requirements of numerosity , commonality, or typicality (internal citations omitted). *Id*.

The class action is a procedural device for resolving the claims of absent parties on a representative basis. *See* Fed. R. Civ. P. 23; *Ortiz v. Fibreboard Corp.,* 527 U.S. 815, 832–33, (1999); *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 613–17, (1997). By contrast, a PAGA action is a statutory action in which the penalties available are measured by the number of Labor Code violations committed by the employer. An employee bringing a PAGA action does so "as the proxy or agent of the state's labor law enforcement agencies," *Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 380, (2014), (quoting *Arias v. Superior Court,* 46 Cal. 4th 969, 986, (2009)), who are the real parties in interest, *see id.* at 382. As the state's proxy, an employee-plaintiff may obtain civil penalties for violations committed against absent employees, Cal. Lab. Code § 2699(g)(1), just as the state could if it brought an enforcement

-8-

*Brier v. GameStop Corp.*
Notice of Motion and Motion for Settlement Approval

action directly. However, by obtaining such penalties, the employee-plaintiff does not vindicate absent employees' claims, for the PAGA does not give absent employees any substantive right to bring their "own" PAGA claims. *See Amalgamated Transit Union, Local 1756, AFL–CIO v. Superior Court,* 46 Cal. 4th 993, 1003, (2009); *see also Iskanian,* 59 Cal. 4th at 381 (explaining that *436 "[t]he civil penalties recovered on behalf of the state under the PAGA are distinct from the statutory damages to which employees may be entitled in their individual capacities"). An agreement to waive "representative" PAGA claims—that is, claims for penalties arising out of violations against other employees—is effectively an agreement to limit the penalties an employee-plaintiff may recover on behalf of the state. *Sakkab,* 803 F.3d at 435–36.

The Ninth Circuit further explained in *Baumann v. Chase Inv. Servs. Corp.,* 747 F. 3d 1117, 1123–24 (9th Cir. 2014):

> In class actions, damages are typically restitution for wrongs done to class members. But PAGA actions instead primarily seek to vindicate the public interest in enforcement of California's labor law. *See Sample v. Big Lots Stores, Inc.,* No. C 10–03276 SBA, 2010 WL 4939992, at *3 (N.D. Cal. Nov. 30, 2010); *Franco v. Athens Disposal Co.,* 171 Cal.App.4th 1277, 90 Cal.Rptr.3d 539, 556 (2009). The bulk of any recovery goes to the LWDA, not to aggrieved employees. And, the twenty-five percent portion of the penalty awarded to the aggrieved employee does not reduce any other claim that the employee may have against the employer—in this case, for example, for withheld overtime pay. *See Caliber Bodyworks, Inc. v. Super. Ct.,* 134 Cal. App. 4th 365, 36 Cal.Rptr.3d 31, 40 (2005). The employee's recovery is thus an incentive to perform a service to the state, not restitution for wrongs done to members of the class.
> In the end, Rule 23 and PAGA are more dissimilar than alike. A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief.

*Id*. Accordingly, because the State is ultimately the party in interest in a PAGA action, absent any objection from the LWDA, this settlement should be approved.

The primary purpose of the PAGA is to advance the state's policy of enforcing minimum labor standards. *See* Cal. Lab. Code § 90.5; *see also Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009) ("The [PAGA's] declared purpose is to supplement enforcement by public agencies, which lack adequate resources to bring all such actions themselves."). The LWDA also acknowledges that the "PAGA benefits the public by augmenting the state's enforcement capabilities, encouraging compliance with Labor Code provisions, and deterring noncompliance." *Id.*

Good cause exists to approve this Settlement. Continued litigation will involve considerable expense and risk. Defendant adamantly disputes and denies the allegations in Plaintiff's lawsuit. Nonetheless, conducting independent evaluations of the claims and defenses in this matter, the Parties have reached a settlement. The Settlement can provide relief in that it appropriately benefits the LWDA and is consistent with the public policies underlying the PAGA.

## VI. SETTLEMENT APPROVAL SHOULD BE GRANTED

### A. The Settlement Was Reached After Substantial Investigation –

Although PAGA does not set forth specific standards regarding judicial approval of proposed PAGA settlements, this Settlement warrants approval. The Settlement of this case is fair, adequate, and reasonable. (Ilg Decl. ¶ 16.) Settlement was reached after over a year of litigation and substantial investigation into the facts and law surrounding the allegations. (*Id.*) The Settlement avoids significant risks associated with continued litigation of the case. (*Id.*) The Settlement is the result of extensive arms-length negotiation and the independent assessment of counsel. (*Id.*)

The discovery conducted in this matter, as well as discussions between counsel, have been adequate to give the Plaintiff and Plaintiff's counsel a sound understanding of the merits of their positions and to evaluate the worth of the claims. (Ilg Decl. ¶ 9.) As described above, the Parties have conducted investigation and discovery into the facts and law during the prosecution of this action.

Plaintiff's counsel interviewed potential witnesses and reviewed many documents, including but not limited to Defendant's employee handbook, Defendant's written policies relating to wage and hour issues, personnel files, timekeeping records, and related information. (Ilg Decl. ¶ 9.) Throughout this litigation, the Parties met and conferred regarding discovery to ensure full disclosure that would allow the case to proceed to trial. (*Id.*)

### B. The Settlement Prevents Against the Risks Associated with Trial

Based on the foregoing data and their own independent inv page up page up estigation

-10-

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574   Fax: (415) 735-3454

and evaluation, Plaintiff's counsel was in an excellent position to evaluate the fairness of this settlement because an extensive investigation was conducted through both formal and informal exchanges of documents and information. (*Id.*) Plaintiff's counsel believes that the proposed Settlement is fair, reasonable, and adequate in light of all known facts and circumstances, defenses asserted by Defendant, and potential appellate issues. (Ilg Decl. ¶ 16.) Defendant and Defendant's counsel also agree that the Settlement is fair and in the best interest of the Parties. (*Id.*)

### C. The Settlement is Fair and Results in a Timely Resolution

Courts presume the absence of fraud or collusion in the negotiation of a settlement, unless evidence to the contrary is offered; thus there is a presumption here that the negotiations were conducted in good faith. 4 Newberg § 11.51. Here, the Parties were represented by experienced and capable counsel who zealously advocated their respective positions. (Ilg Decl. ¶ 17.) California courts recognize that "a presumption of fairness exists where ... [a] settlement is reached through arm's-length bargaining." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 245 (2001). "[W]hat transpires in settlement negotiations is highly relevant to the assessment of a proposed settlement's fairness." *State v. Levi Strauss & Co.* (1986) 41 Cal. 3d 460, 482.

### D. The Settlement Does Not Prejudice the Putative Class

Neither the Parties nor any absent class member will incur any prejudice owing to the requested dismissals. (Ilg Decl. ¶ 5.) Plaintiff has made no attempt to certify a class; no motions or rulings have been made on the issue of class certification; no notice has been required, nor given to any putative class member. (*Id.*) Should any putative class members wish to pursue claims against Defendant, they will remain free to do so, subject to applicable statutes of limitation. (*Id.*)

The proposed Settlement herein has no "obvious deficiencies" and is well within the range of possible approval. A settlement is not judged against what might have been recovered had a plaintiff prevailed at trial, nor does the settlement have to provide 100% of the

damages sought to be fair and reasonable. *Wershba*, 91 Cal. App. 4th at 224 ( "[c]ompromise is inherent and necessary in the settlement process . . . even if the relief afforded by the proposed settlement is substantially narrower than it would be if the suits were to be successfully litigated, this is no bar to a class settlement because the public interest may indeed be served by a voluntary settlement in which each side gives ground in the interest of avoiding litigation"). Settlement agreements are realistically assessed. *Stambaugh v. Superior Court,* 62 Cal. App. 3d 231, 236 (1976).

The Settlement is fair, putative class members will not be prejudiced, and it does not improperly grant preferential treatment to the named plaintiff. (Ilg Decl. ¶ 16.)

### E.   Proposed Payments to Plaintiff's Counsel for Fees and Costs are Reasonable

Plaintiff in this action is entitled to recover reasonable attorneys' fees, expenses and costs. An attorneys' fee award is justified where the legal action has produced its benefits by way of a voluntary settlement. *See, e.g., Maria P. v. Riles,* 43 Cal. 3d 1281, 1290-91 (1987); *Westside Cmty. for Indep. Living, Inc. v. Obledo*, 33 Cal. 3d 348, 352-53 (1983). California law provides that when a party is entitled to statutory fees, it must be compensated for all time reasonably spent seeking to accomplish the desired litigation result. *See Serrano v. Unruh,* 32 Cal. 3d 621, 624 (1982).

## VII.   NOTICE TO PUTATIVE CLASS MEMBERS AND LWDA

### A.   There is No Need to Provide Notice of Dismissal to Putative Class Members

This Court need not order the Parties to disseminate notice of dismissal. The notice requirement of Federal Rule of Civil Procedure 23(e)(1) only applies to a certified class, where all class members "would be bound by the proposal." As previously stated, Plaintiff has made no attempt to certify a class, no motions or rulings have been made on the issue of class certification, and no notice has been required, nor given, to any putative class member. Furthermore, California Rules of Court, Rule 3.770(c) states that: "If the court has not ruled on class certification, or if notice of the pendency of the action has not been provided to class members in a case in which such notice was required, notice of the proposed dismissal may be

given in the manner and to those class members specified by the court, or the action may be *dismissed without notice to the class members if the court finds that the dismissal will not prejudice them.*" (emphasis added.)  Here, the dismissal of class claims is by definition without prejudice.  It is therefore axiomatic that the class members will not be prejudiced.  Indeed, such individuals remain unencumbered to pursue class claims against Defendant if they believe there is a basis for doing so.

The typical reasons for notifying absent class members are not present here.  Indeed, it has long been held that Courts should approve "dismissal of class allegations without notice, so long as representative plaintiffs do not receive disproportionate recoveries and the absent class members do not suffer prejudice." *Diaz v. Trust Territory of Pacific Islands* (9th Cir. 1989) 876 F. 2d 1401, 1409 [overruled on inapplicable grounds as noted by *Castillo v. GMC* (E.D. Cal. Sept. 5, 2008) 2008 U.S. Dist. LEXIS 82337, *7, fn. 3]; *see also Sheinberg v. Fluor Corp.* (D.C.N.Y. 1981) 91 F.R.D. 74, 75 [concluding "that notice need not be given" in an "action which has 'run out of steam'"]; *Singh v. Pizza Hut of Am., Inc.*, (W.D. Wash. July 26, 2002) No. CV02-0963C, 2002 U.S. Dist. LEXIS 26350, *3 [approving "voluntary dismissal of the entire action with prejudice to the named class representatives but without prejudice and without notice to absent putative class members"].

Recent federal decisions examining this issue have clarified that notice of a dismissal should not be given to putative class members unless warranted by the following considerations: (1) whether there was collusion in the settlement; (2) whether any putative class members relied on the case; and (3) whether the putative class members would be prejudiced by a dismissal. For example, in *Annalisa Lewis et al v. Vision Value, LLC* (E.D. Cal. July 18, 2012) 2012 U.S. Dist. LEXIS 99854, Plaintiffs settled their individual claims, and the settlement was contingent upon them dismissing the class claims and collective action claims without prejudice.  The court found that notice was not necessary because: (1) based on the parties' counsel's declarations, the settlement was fair and untainted by collusion; (2) no one relied on the potential settlement because there was no significant public interest in the case; (3) there was no prejudice to the

ILG Legal Office, P.C.
555 California Street, Suite 4925, San Francisco, CA 94104
505 14th Street, Ninth Floor, Oakland, CA 94612
Tel: (415) 580-2574  Fax: (415) 735-3454

1  absent class members because the statute of limitations was tolled during the lawsuit and the
2  claims were dismissed without prejudice. *See also Luis Del Rio v. Creditanswers, LLC*, 2011
3  U.S. Dist. LEXIS 52022 (S.D. Cal. May 16, 2011) (no notice to absent putative class members
4  was required absent evidence that they would be prejudiced); *Knowles v. United Debt Holdings,*
5  *LLC,* 2015 U.S. Dist. LEXIS 124596 (E.D. Cal. Sept. 16, 2015) (holding that "[b]ecause a class
6  has not been certified and because the settlement does not in any way affect the rights of absent
7  members of the originally proposed class, the Court should dismiss this case without notice to
8  the class.").

9      Here, there is no evidence of collusion. (Ilg Decl. ¶ 18.) In this case, the rationale for
10 settlement on an individual basis is well-founded, particularly given that class action treatment
11 is not warranted. (*Id*.) Neither is there any evidence of any putative class member's reliance on
12 this case. (*Id*.) To the contrary, no class has been certified and no notice of pendency of this
13 action has been provided to putative class members. (*Id*.) Furthermore, no precertification notice
14 has been distributed to putative class members and neither Plaintiff nor his counsel have been in
15 contact with any putative class members regarding this matter. (*Id*.) The absent putative class
16 members will retain their right to prosecute any alleged wage and hour claims against Defendant
17 independently, and to pursue such class on a class wide basis if they believe doing so is
18 warranted. (*Id*.) There is no reason to compel notice to individuals who are unaware of the class
19 claims alleged initially in this case, and who will be unaffected by their dismissal. (*Id*.)

20     Further, ordering notice to the putative class would unduly and unfairly burden the
21 Parties. (Ilg Decl. ¶ 19.) It would require substantial expense in order to provide notice to the
22 absent members of the proposed class, particularly since doing so would likely require the
23 assistance of a third-party administrator. (*Id*.) Such a process would also result in increased
24 burden and expense on counsel, and further delays for the Parties. (*Id*.) There are quite simply
25 no factors here warranting that such a burden be imposed. (*Id*.)

26     **B.**    **Notice to LWDA**
27     Plaintiff has complied with Cal. Lab. Code § 2699(1)(2) by providing the LWDA with

-14-

*Brier v. GameStop Corp.*
Notice of Motion and Motion for Settlement Approval

a copy of the Settlement Agreement at the same time it was submitted to the Court. Upon the Court's granting of approval to this settlement, Plaintiff will submit a copy of the Order to the LWDA. (Ilg Decl. ¶ 20.)

### VIII. CONCLUSION

For the foregoing reasons, Plaintiff requests that this Court approve the proposed settlement. Counsel for the parties have committed substantial amounts of time, energy, and resources litigating and ultimately settling this case. In the judgment of Plaintiff and Plaintiff's Counsel, the proposed settlement is a fair, adequate and reasonable compromise of the issues in dispute, in light of the strengths and weaknesses of each party's case. After weighing the certain and immediate benefits of these settlements against the uncertainty of a resolution at trial, and appeal, Plaintiff and Plaintiff's counsel believe the proposed settlement is fair, reasonable, and adequate, and warrants this Court's approval.

DATED: August 16, 2018

Respectfully Submitted,
**ILG Legal Office, PC**

/s/ Stephen Noel Ilg.

Stephen Noel Ilg, Esq.
Attorney for Plaintiffs